PROB 12B
(SD/FL 1/21)

SD/FL PACTS No.  7995833

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:  0:23-TP60012-AHS-1

### Request for Modifying the Conditions or Term of Supervision
### With Consent of the Offender
#### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  Takhamrri Shikarria Bell

Name of Sentencing Judicial Officer: The Honorable B. Lynn Winmill, Senior United States District Judge, District of Idaho

Transfer of Jurisdiction – April 7, 2023: The Honorable Raag Singhal, United States District Judge, Fort Lauderdale, Florida

Date of Original Sentence:  November 8, 2022

| | |
|---|---|
| Original Offense: | Count One: Acquiring Controlled Substances by Misrepresentation, Fraud and Deception, 21 U.S.C. §843(a)(3), a Class E felony |
| Original Sentence: | Two (2) years probation, $250.00 fine, and $100.00 special assessment. The following special conditions were ordered: The defendant shall 1) pay any special assessment or other financial obligation imposed; 2) submit her person, property, house, residence, vehicle, papers, computers, other electronic communications or data storage devices or media, or office, to a search; 3) participate in a program of testing and treatment for drug and alcohol abuse; 4) abstain from the use and possession of alcohol and not be present in any location where alcohol is the primary item of sale; 5) participate in a program of mental health treatment, as directed by the probation officer; 6) use only one pharmacy for obtaining prescription medication; 7) use only one doctor, physician's assistance, or nurse practitioner as a primary care physician; 8) advise any treating medical practitioner of their personal history of prescription medication use and abuse; and 9) be restricted to her residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by the probation officer, for a period of 90 days. |

**November 6, 2023**: *Report On Offender Under Supervision* was submitted to Your Honor due to marijuana use. Your Honor concurred with the probation officer's recommendation to take no action.

**January 19, 2024**: *Report On Offender Under Supervision* was submitted to Your Honor due to marijuana use. Your Honor concurred with the probation officer's recommendation to take no action.

Type of Supervision: Probation          Date Supervision Commenced:  November 8, 2022

PROB 12B
(SD/FL 1/21)

SD/FL PACTS No.  7995833

## PETITIONING THE COURT

☐     To extend the term of supervision for _____ years, for a total term of _____ years.

☒     To modify the conditions of supervision as follows:

**The defendant shall participate in the Location Monitoring Program via the use of Global Positioning System (GPS) monitoring for a period of ninety (90) days.  The defendant shall maintain a telephone at his place of residence without Call forwarding, call waiting, a modem, caller ID, or call back/call block services for the above period.  The defendant shall wear an location monitoring device and follow the location monitoring procedures as instructed by the U.S. Probation Officer.   The defendant shall pay for the location monitoring equipment at the prevailing rate in effect during the term of monitoring or in accordance with ability to pay.**

## NONCOMPLIANCE SUMMARY

The offender has not complied with the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1.** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On January 25, 2024, January 31, 2024, February 12, 2024, and February 21, 2024, the defendant submitted urine specimens which tested positive for the presence of marijuana in our local laboratory. All urine specimens were confirmed positive by Alere Toxicology Services, Inc. |
| **2.** | **Violation of Special Condition,** by failing to abstain from the use of alcoholic beverages during the duration of supervision. On February 12, 2024, and February 14, 2024, the defendant submitted urine specimens which tested positive for the presence of alcohol in our local laboratory.  Both urine specimens resulted negative by Alere Toxicology Services, Inc.,<br><br>On February 20, 2024, the defendant verbally admitted she consumed alcohol prior to each urinalysis test in question. |
| **3.** | **Violation of Special Condition**, by failing to abstain from the use of alcoholic beverages during the duration of supervision. On March 6, 2024, the defendant submitted urine specimens which tested positive for the presence of alcohol in our local laboratory; confirmation is pending.<br><br>On March 12, 2024, the defendant verbally admitted consuming alcohol on March 6, 2024. |

PROB 12B
(SD/FL 1/21)

SD/FL PACTS No.  7995833

## CAUSE

On November 8, 2022, the defendant was sentenced by The Honorable B. Lynn Winmill, Senior United States District Judge, District of Idaho, to two (2) years' probation, a $250.00 fine and $100.00 special assessment, as to Count One: Acquiring Controlled Substances by Misrepresentation, Fraud and Deception, in violation of 21 U.S.C. §843(a)(3).  On that same date, she commenced her term of probation in the Southern District of Florida and her supervision is scheduled to expire on November 7, 2024.

On September 11, 2023, the defendant was successfully discharged from Compass Health Systems after receiving both mental health and substance abuse treatment for Major Depression, Social Phobia, Unspecified Mood Disorder, and Cannabis Abuse, in remission. According to the discharge summary, the defendant had a high level of agitation at the initial evaluation and participated in therapy to work on major depressive disorder.  Throughout the course of treatment, she attended therapy at different frequencies. She commenced treatment once per week which decreased to once a month by the end of her treatment. The clinician also addressed social phobia, compulsive behavior, agitation, and personal relationships.  The defendant learned to set boundaries with people in her life, confronted her fears of going out in public and set a goal to return to school to start a new career. She was regarded as having made significant progress.

On November 1, 2023, the defendant reported to the probation office for a random drug test as instructed. She submitted a urine sample which returned positive for the presence of marijuana locally; and was subsequently confirmed positive by Alere Toxicology Services, Inc.

On November 3, 2023, this officer confronted the defendant regarding the positive urinalysis result. She readily admitted smoking marijuana approximately three (3) weeks prior and was verbally reprimanded. She was sanctioned to weekly drug testing until otherwise instructed. The defendant agreed to the sanction and recommitted to sobriety. Your Honor was advised additional urinalyses may return positive for marijuana due to residual excretion.

On November 9, 2023, November 15, 2023, November 29, 2023, December 6, 2023, December 13, 2023, December 20, 2023, December 28, 2023, January 3, 2024, and January 10, 2024, the defendant reported to the probation office as instructed and submitted urine specimens which tested positive for the presence of marijuana in our local laboratory. All samples were confirmed positive by Alere Toxicology Services, Inc.

An interpretation report was requested from Alere Toxicology Services, Inc., due to the significant length of time for the defendant to return a negative urine sample. On January 11, 2024, Cheska Burleson Ph.D., NRCC, Laboratory Director, opined the defendant reused marijuana or a product containing Delta-9 THC:

- After November 1, 2023, and prior to the collection on November 9, 2023
- After November 15, 2023, and prior to the collection on November 29, 2023
- After November 29, 2023, and prior to the collection on December 6, 2023
- After December 6, 2023, and prior to the collection on December 13, 2023
- After December 20, 2023, and prior to the collection on December 28, 2023

Dr. Burleson further opined the defendant's urine samples collected November 15, 2023, December 20, 2023, and January 3, 2024, appear to indicate residual elimination.

PROB 12B
(SD/FL 1/21)

On January 16, 2024, this officer confronted the defendant with the facts outlined in Dr. Burleson's report. She initially denied any marijuana use, but ultimately admitted smoking marijuana on occasion after her initial positive drug test on November 1, 2023, up until approximately December 30, 2023. Dr. Burleson's report appeared to corroborate this account considering the samples following December 30, 2023, appeared to be the result of residual elimination.

The defendant was provided with significant counseling and advised she was fully committed to sobriety. She referenced her son and stated her goal was to make necessary adjustments for his benefit in addition to hers. The defendant pleaded with this officer for another opportunity to demonstrate her commitment to sobriety.

On January 25, 2024, January 31, 2024, February 12, 2024, and February 21, 2024, the defendant reported to the probation office for mandatory scheduled drug testing. Each of the samples collected returned positive for the presence of marijuana in our local laboratory; and all were confirmed positive by Alere Toxicology Services, Inc. It is noted the urine samples collected on February 12, 2024, and February 14, 2024, resulted positive for the presence of alcohol in our local laboratory but tested negative by Alere Toxicology Services, Inc.

On February 20, 2024, this officer spoke with the defendant regarding the positive drug tests for alcohol. She admitted consuming alcohol prior to each collection, but denied knowing she was not allowed to do so. This officer reinstructed the defendant, per her Judgment Order, to refrain from using or possessing alcohol. The defendant was agreeable following the reinstruction and stated she would not consume any more alcohol while on supervision. This officer inquired with the defendant as to marijuana use and she denied any new use.

An interpretation report was again requested from Alere Toxicology Services, Inc. due to the length of time for the defendant to return a negative urine sample. On February 22, 2024, Cheska Burleson, Ph.D., NRCC, Laboratory Director, opined the defendant reused marijuana or a product containing Delta-9 THC:

- After January 3, 2024, and prior to the collection on January 10, 2024; and
- After January 10, 2024, and prior to the collection on February 12, 2024

Dr. Burleson further opined the defendant's urine samples collected on January 31, 2024, and February 12, 2024, appeared to indicate residual elimination.

On March 6, 2024, the defendant reported to the probation office and submitted a urine sample which tested positive for the presence of alcohol in our local laboratory. Her urine sample was forwarded to Alere Toxicology Services, Inc. and confirmation is pending.

On March 7, 2024, the defendant reported to the probation office for drug testing. The urine sample collected returned negative.

On March 12, 2024, the defendant reported to the probation office to meet with this officer regarding the positive drug test. She admitted drinking a home remedy for the FLU, which was made by her grandmother and contained vodka, spices, and vegetables. This officer presented the defendant with the option of an alternative sanction to participate in the Location Monitoring Program via the use of Global Positioning System (GPS) for a period of 90 days. The sanction appears to be the least restrictive option which targets the underlying issues of accountability and non-compliance resulting through associations. It further allows her to maintain an active role in her son's life and engage in other prosocial activities such as employment and education, while restricting movements that fail to promote successful completion of probation.

PROB 12B
(SD/FL 1/21)

SD/FL PACTS No. 7995833

The defendant was presented with this information, agreed to the sanction, and voluntarily signed the enclosed *Waiver of Hearing to Modify Conditions of Probation* agreeing to participate in the Location Monitoring Program via the use of GPS for a period of 90 days.

The defendant maintains a stable residence and she is gainfully employed. She has satisfied the DNA collection requirement, $250.00 fine, and the $100.00 special assessment fee.

**RECOMMENDATION:** As such, it is respectfully recommended Your Honor modify the conditions of probation to include the defendant shall participate in the Location Monitoring Program via the se of GPS monitoring for a period of 90 days. If Your Honor has any additional questions or concerns, please do not hesitate to contact the undersigned officer.

Respectfully submitted,

by:

Raymond S. Gravie
United States Probation Officer
Office: (954) 769-5644
Cellular: (786) 348-8963
Date:  March 13, 2024

---

THE COURT ORDERS:

☐   No Action
☒   The Modification of Conditions as Noted Above
☐   Submit a Request for ☐ Warrant or ☐ Summons

Signature of Judicial Officer

Date:  *19 March 2024*